CHART BARTON, Respondent, v. MINOT FLOUR MILL COMPANY, a Corporation, Appellant.

(225 N. W. 785.)

Opinion filed June 6, 1929.

Mr. *F. B. Lambert,* for appellant.
Mr. *G. S. Wooledge* and *J. C. Miller,* for respondent.

BURKE, Ch. J.   Prior and up to the 7th day of October, 1924, the plaintiff, Chart Barton, was postmaster and owner of a store at Lone Tree, North Dakota, and on said day he entered into a contract with Gallagher and Malkewick for the sale of all furniture and fixtures specifically enumerated in said contract, and situated in the said store building at Lone Tree, at the agreed price of $1,215, to be paid monthly, $33 on November 1, 1924, and $33 on the first of each and every month until said purchase price was fully paid, with interest on deferred payments at 8 per cent.   The title to said property was reserved in the vendor until all of the payments were made.   The property described in the contract of sale was turned over to the vendees and Gallagher has used the same from that time and up to the time of the trial.

On the 18th day of October, 1924, the plaintiff, being indebted to the Minot Flour Mill Company, the defendant, in the sum of $709.20, assigned the said contract to the defendant as security for the payment

of said indebtedness, with interest thereon, and which assignment contained the provision:

"The said assignee is to collect the amounts due on said contract from time to time, and when the said assignee has collected the said sum of $709.20, with interest thereon, this assignment is to be null and void, and the balance due and owing on said contract shall be the property of the said Chart Barton."

The defendant, on December 18, 1925, without the knowledge of the plaintiff, made a settlement with the said Gallagher, a member of the co-partnership of Gallagher and Malkewick, and one of the vendees in the contract of sale, receiving in such settlement the full amount of the indebtedness from the plaintiff to the defendant, viz.: the sum of $709.20, with interest thereon to that date, and at said time gave to the said Gallagher an agreement, by the terms of which all of the said personal property was sold by the defendant to the said Gallagher for the sum of $432; that said contract provided that "the title to said property shall be and remain in the party of the first part (the party of the first part being the defendant) until all of the payments as above mentioned have been made in full. Upon default in the making of any of said payments, or in any of the terms of this contract, the party of the first part shall have the right to the immediate possession of all of said property, and upon taking possession thereof any and all interest and claims thereof by the parties of the second part shall terminate and cease, and any and all payments made upon this contract shall be retained by the party of the first part as and for liquidated damages."

The plaintiff brought this action against the defendant for the conversion of the said contract in the sum of $505.80, the difference between the amount the property sold for, to Gallagher and Malkewick, and the amount which the defendant received on the sale of the property to Gallagher. The case was tried upon the theory that there was a conversion of the contract and the jury returned a verdict for the plaintiff for the sum of $605.48, including interest at 6 per cent, upon which judgment was duly entered and the defendant appeals.

Appellant contends that the only questions involved on the appeal, are as follows:

1. Was there a conversion?

2. If there was a conversion was any damage proved?

3. If any damages were proved, was the amount found by the jury excessive?

The evidence as found in the record is a little misleading.

The plaintiff testified in substance: I had a general mercantile store at Lone Tree, North Dakota, in October 1924; I made a sale agreement to sell fixtures and property which were part of the store business; I assigned this sale agreement to the Minot Flour Mill Company, and delivered it to them; I also signed Exhibit 1 and delivered it to them on or about the date it bears; it was the only agreement of sale for the sale of this property and it is the one referred to in Exhibit 1 (Exhibit 1 is the written assignment of the contract of sale from the plaintiff to the defendant). He is then asked:

"Q. And the original of that agreement may be on file with the Register of Deeds?

"A. I didn't file it. Mr. Dunnell said he would file it."

On page 8 of the record there appears the following demand:

"Mr. Wooledge: We ask that the defendant produce, either now or at the trial of this action, the original agreement of sale which is referred to in Exhibit 1."

Mr. Gallagher, a member of the firm of Gallagher and Malkewick, when called on the stand as a witness for the plaintiff, is asked the following questions:

"Q. And in that subpœna I asked that you bring into court a certain contract?

"A. Yes.

"Q. And have you that contract with you?

"A. Yes, I have.

"Q. This 'Exhibit 8' is signed by you?

"A. Yes.

"Q. And it was also signed by Chart Barton?

"A. Yes."

Exhibit 8 appears to be the original contract of sale, by the terms of which, the property involved was sold to Gallagher and Malkewick, and which apparently, Gallagher had and brought into court in obedience to the subpœna.

An examination of the contract of sale, however, between the defendant and Gallagher, does not show a sale of the contract, but only of the personal property which is described in it. It is clear, therefore, that there is no evidence which sustains the theory of the case as it was tried, i. e., as a conversion of the contract. Moreover, the defendant had no authority to sell either the contract or the property to Gallagher. He was not the agent of the plaintiff for that purpose, and, therefore, the contract is in full force and effect as against the defendants, Gallagher and Malkewick, and as against the property to which title is reserved in the plaintiff until the payment of the full amount of the indebtedness for the purchase price of said property. Plaintiff's right of action is against Gallagher and Malkewick, and against the property, and not against the defendant, and the judgment must be reversed and the action dismissed. It is so ordered.

BURR, NUESSLE, CHRISTIANSON, and BIRDZELL, JJ., concur.